**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION**

CIVIL ACTION NO. 05-302-JBC

CARL CAMPBELL,                                                          PLAINTIFF,

V.                      <u>MEMORANDUM OPINION AND ORDER</u>

JO ANNE B. BARNHART, COMMISSIONER,
SOCIAL SECURITY ADMINISTRATION,                          DEFENDANT.

* * * * * * * * * * *

The plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain

judicial review of an administrative decision of the Commissioner of Social Security

denying his application for Supplemental Security Income (SSI) and Disability

Insurance Benefits (DIB).  On cross-motions for summary judgment (DE 9, DE 15),

the court referred this action to United States Magistrate Judge James B. Todd,

who issued Proposed Findings of Fact and Recommendation (DE 16).  The plaintiff

has filed objections to the Report and Recommendation (DE 17).

When the parties to an action submit objections to the Magistrate Judge's

report, the district court reviews the record *de novo*.  28 U.S.C. § 636(b)(1)(C).

The court, having reviewed the record in light of the plaintiff's objections and

being otherwise sufficiently advised, will adopt the Magistrate Judge's Report and

Recommendation and affirm the Commissioner's decision.

**Factual Background**

The plaintiff is a 51-year-old male who alleges he became disabled on August

2, 2003, due to fluid on the brain and back and neck pain.  AR 17.  The plaintiff

has a high school equivalent education and has past relevant work experience as a heavy equipment operator in the coal mines and as a school bus driver.  AR 186-87.  The plaintiff's DIB and SSI applications were denied initially and on reconsideration, resulting in a video teleconference ALJ hearing on November 1, 2004. On February 22, 2005, ALJ Roger L. Reynolds found that the plaintiff was not disabled and was not entitled to disability benefits under either his DIB or SSI applications.  AR 16-21.  The Appeals Council denied the plaintiff's request for review of that decision, and the plaintiff then sought judicial review in the present action.

On May 4, 2006, the Magistrate Judge issued a Report and Recommendation stating that the Commissioner's decision that the plaintiff is not disabled was supported by substantial evidence.  The plaintiff timely filed objections to that Report and Recommendation.

**The Plaintiff's Objections to the Report and Recommendation**

The plaintiff objects to the Magistrate Judge's Report and Recommendation on the ground that the Magistrate Judge failed to consider whether the plaintiff's impairment was severe, but instead determined that the plaintiff was not totally disabled.  The plaintiff also claims that the ALJ improperly found that his pneumoconiosis, his hydrocephalus secondary to cranial aqueductal stenosis, and his neck, back, and shoulder ailments were not severe impairments.

Review of the ALJ's decision to deny disability benefits is limited to

2

determining whether there is substantial evidence to support the denial decision and whether the Secretary properly applied relevant legal standards. *Brainard v. Sec'y Heath & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989) (citing *Richardson v. Perales*, 402 U.S. 389 (1971)). "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401.

**A. The Magistrate's Failure to Consider Whether the Plaintiff's Impairment Was Severe**

In his Report and Recommendation, the Magistrate Judge concluded that the ALJ's finding that the plaintiff is not disabled is supported by substantial evidence. The Magistrate Judge based his recommendation on the fact that there is no evidence in the record to support a finding that the plaintiff is "totally disabled." The plaintiff objects to the Magistrate Judge's Report and Recommendation, claiming that the issue of whether the plaintiff suffers from a "severe impairment," which was the basis of his appeal from the Appeals Council's denial of his request for review, is different from the question of whether he is "totally disabled."

Claims of disability are evaluated based on a sequential five-step process. *See* 20 C.F.R. § 404.1520. If a social security claimant is not found to have an impairment which significantly limits his ability to work (a severe impairment), then he is not disabled. *Id.* at § 404.1520(c); *see also Young v. Sec'y of Health & Human Servs.*, 925 F.2d 146, 148 (6th Cir. 1990). In this case, the ALJ

3

specifically found that the plaintiff does not have a "severe impairment" as that term is defined by federal law and is therefore not disabled for purposes of the Social Security Act.  AR 21.  While the Report and Recommendation did not use the term "severe impairment" in addressing the merits of the plaintiff's appeal, the Magistrate Judge conducted a proper review of the record in finding that the ALJ's rulings were supported by substantial evidence.  To reverse the ALJ's decision because the Magistrate Judge used the term "totally disabled" instead of "severe impairment" would improperly place form over substance, and the court refuses the plaintiff's invitation to do so.

**B. The Plaintiff's Pneumoconiosis**

The plaintiff claims that the ALJ improperly refused to find that he suffered from a severe impairment as a result of his diagnosis for pneumoconiosis, a disease causing pulmonary and respiratory difficulties.  Although the plaintiff has presented extensive evidence that he suffers from pneumoconiosis, *see* AR 88-90, he has not demonstrated that this condition constitutes a severe impairment.  In an examination performed by a consulting physician, Dr. Rita Ratliff, the plaintiff's pulmonary examination was normal and he showed no signs of breathlessness while moving around the room.  AR 135.  Although the plaintiff correctly points out that a consulting physician's opinion is not substantial evidence if contrary to that of a treating physician, *Miracle v. Celebrezze*, 351 F.2d 361, 378-79 (1965), Dr. Ratliff's report does not conflict with the opinions of the plaintiff's treating

4

physicians.  Since the plaintiff has presented no medical evidence that his pneumoconiosis severely impairs his ability to work, the ALJ's finding that he is not disabled as a result of that condition is supported by substantial evidence.

### C. The Plaintiff's Hydrocephalus Secondary to Cranial Aqueductal Stenosis

The plaintiff suffers from hydrocephalus secondary to cranial aqueductal stenosis ("hydrocephalus"), which he also claims is a severe impairment under the Social Security Act.  On August 6, 2003, the plaintiff underwent placement of a VP shunt to alleviate that condition.  According to his treating physician, Dr. Neil Troffkin, M.D., the plaintiff appeared "in good condition" following the surgery and "[had] made an extremely good recovery."  AR 142.  The plaintiff reported at the time that he had not suffered any blackout spells since the surgery and that his vision had improved.  *Id.*  Thus, other than his subjective complaints of headaches and dizziness, AR 191, there is no medical evidence to support the plaintiff's claim that his hydrocephalus constitutes a severe impairment.  The ALJ's ruling that the plaintiff is not disabled as a result of this condition is supported by substantial evidence.

### D. The Plaintiff's Neck, Back, and Shoulder Problems

The record contains treating notes from the Kentucky River Medical Center Physical Therapy Department which state that the plaintiff has a herniated nucleus pulposus at the C5-C6 level and that he suffered from persistent pain in his shoulder and numbness in his fingers.  AR 92-93.  The plaintiff argues that these

documents show that he suffers from a severe impairment.  The plaintiff's

treatment log from the Kentucky River Medical Center, however, also reveals that

he was discharged on January 13, 1998.  AR 99.  The plaintiff's treating physical

therapist described his reason for discharge as: "Full function, return to normal

activities of [d]aily living."  *Id.*  According to the plaintiff's own therapist, his neck,

back, and shoulder problems did not severely impair his daily life.  Thus, the ALJ's

determination that these ailments do not constitute a disability is supported by

substantial evidence.

Accordingly,

**IT IS ORDERED** that the Magistrate Judge's Proposed Findings of Fact and

Recommendation (DE 16) is **AFFIRMED** and is **ADOPTED** as this court's opinion

with the revisions discussed above.

**IT IS FURTHER ORDERED** that the plaintiff's motion for summary judgment

(DE 15) is **DENIED**.

**IT IS FURTHER ORDERED** that the Commissioner's motion for summary

judgment (DE 9) is **GRANTED**.


<u>        Signed on August 3,</u>

<u>2006</u>



*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

6