UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

CIVIL ACTION NO. 05-302-JBC

CARL CAMPBELL,                                                                                    PLAINTIFF,

V.                          MEMORANDUM OPINION AND ORDER

JO ANNE B. BARNHART, COMMISSIONER,
SOCIAL SECURITY ADMINISTRATION,                                                DEFENDANT.

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on the plaintiff's motion to reopen the judgment entered on August 4, 2006 (DE 20). The court, having reviewed the record and being otherwise sufficiently advised, will deny the plaintiff's motion

The plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security denying his application for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB). On February 22, 2005, ALJ Roger L. Reynolds found that the plaintiff was not disabled and was not entitled to disability benefits under either his DIB or SSI applications. The Appeals Council denied the plaintiff's request for review of that decision, and the plaintiff then sought judicial review in the present action. On May 4, 2006, the Magistrate Judge issued a Report and Recommendation stating that the ALJ's decision that the plaintiff is not disabled was supported by substantial evidence, and the court affirmed the Magistrate Judge's Report on August 4, 2006.

While these events were transpiring, however, the plaintiff brought another

set of DIB and SSI claims on February 28, 2005. In these claims, the plaintiff alleged disability since February 23, 2005, the day after ALJ Reynolds determined the plaintiff was not disabled. On November 8, 2005, ALJ Gregory O. Varo found the plaintiff to be disabled as of February 23, 2005, specifically noting that Campbell had presented "new and material evidence since the prior unfavorable decision."

The plaintiff now asserts that the November 8, 2005, decision constitutes "newly discovered evidence" that entitles him to relief pursuant to Fed. R. Civ. P 60(b)(2). Rule 60(b)(2) provides that a court "may relieve a party or a party's legal representative from a final judgment, order, or proceeding [based on] newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b) . . . ." To prevail on a Rule 60(b)(2) motion, a movant must demonstrate (1) that he exercised due diligence in obtaining the information and (2) that the evidence is material and controlling and clearly would have produced a different result if presented before the original judgment. *Good v. Ohio Edison Co.*, 149 F.3d 413, 423 (6th Cir. 1998) (citing *New Hampshire Ins. Co. v. Martech U.S.A., Inc.*, 993 F.2d 1195, 1200-01 (5th Cir. 1993)). The party seeking to invoke Rule 60(b) bears the burden of establishing that its prerequisites are satisfied. *McCurry ex rel. Turner v. Adventist Health Sys./Sunbelt, Inc.*, 298 F.3d 586, 592 (6th Cir. 2002) (citing *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001)).

The plaintiff has failed to carry his burden of showing that he is entitled to Rule 60(b)(2) relief. The decision by ALJ Varo that the plaintiff claims is "newly discovered evidence" was rendered on November 8, 2005, and notice of the decision was sent to the plaintiff on the same day. The plaintiff filed the current motion to reopen on August 31, 2006. The plaintiff has offered no substantial justification for his failure to incorporate the decision into his case any earlier; his only claim is that he first received notice of the decision on August 31, 2006. The plaintiff has not, however, presented the court with a *reason* that he only learned of ALJ Varo's fully favorable decision nearly ten months after it was handed down. Had the plaintiff discovered this decision earlier, he could have incorporated it into his appeal,[1] which would have obviated the need for this motion. The plaintiff has simply failed to show that he exercised due diligence in obtaining the "newly discovered evidence" in question.

The plaintiff has also not met the second prong of the Rule 60(b)(2) analysis, that the evidence was material and controlling and would have clearly produced a different result. The plaintiff's later favorable decision pertained to a time period commencing on February 23, 2005, whereas ALJ Reynolds's earlier decision dealt with a time period ending on February 22, 2005. Thus, evidence of the later

---

[1] A review of the record reveals that the plaintiff's motion for summary judgment in this case was originally due on December 5, 2005. The court later granted a motion for an extension of time to the plaintiff and permitted him to file his brief no later than February 3, 2006. Thus, the plaintiff had nearly three months to learn of ALJ Varo's ruling and apprise the court of it during the pendency of his appeal.

decision would not have produced a different result in the earlier hearing because the later ruling pertained to a completely different time period.  Instead of being likely to produce a different result, the November 8, 2005, decision by ALJ Varo was irrelevant to ALJ Reynolds's determination.

As the plaintiff has failed to meet either of its established prerequisites, the court finds that he is not entitled to relief under Rule 60(b)(2).  Accordingly,

**IT IS ORDERED** that the plaintiff's motion to reopen the judgment entered on August 4, 2006 (DE 20) is **DENIED**.

Signed on October 4, 2006

JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY